**UNITED STATES of America,**
**Appellee,**

v.

**Subir CHAKLADER, Defendant–**
**Appellant.**

**Docket Nos. 00–1340(L), 00–1341.**

United States Court of Appeals,
Second Circuit.

Argued: Oct. 23, 2000.

Decided: Nov. 17, 2000.

Matthew L. Biben, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney, and Christine H. Chung, Assistant United States Attorney, of counsel), for Appellee.

John Burke, Brooklyn, NY, for Appellant.

Before: FEINBERG, MINER, and SACK, Circuit Judges.

SACK, Circuit Judge:

Defendant–Appellant Subir Chaklader appeals from an April 26, 1999 judgment of conviction and sentence entered by the district court (Barbara S. Jones, *Judge*) after Chaklader pleaded guilty to bank fraud, mail fraud, and credit card fraud in violation of 18 U.S.C. §§ 1344, 1341, and 1029(a)(2), respectively. Chaklader challenges his sentence on two grounds. First, he contends that the district court erroneously modified his sentence pursuant to Fed.R.Crim.P. 35(c) after the defendant informed the court of an error in the sentence. Second, the defendant argues that the district court abused its discretion by imposing drug and alcohol treatment and tests as a condition of supervised release. We conclude that both of these contentions are without merit and therefore affirm.

## BACKGROUND

Subir Chaklader was indicted on October 2, 1996 in the Western District of Texas on one count of mail fraud in violation of 18 U.S.C. § 1341, and two counts of

credit card fraud in violation of 18 U.S.C. § 1029(a)(2). While released on bail, Chaklader committed bank fraud in violation of 18 U.S.C. § 1344, a crime for which he was indicted in the Southern District of New York on December 9, 1997. The proceedings related to the Texas indictment were transferred to the Southern District of New York where, on May 21, 1998, Chaklader pleaded guilty before Judge Jones to all of the counts in both indictments.

At sentencing on April 12, 1999, the district court determined that the defendant's total offense level was 18 and that his Criminal History Category was IV, resulting in a range of 41 to 51 months' imprisonment under the Sentencing Guidelines. The court imposed a sentence of 51 months in prison followed by five years of supervised release during which time the defendant will be required to undergo drug and alcohol treatment and tests.[1]

The total offense level of 18 included a three-level enhancement imposed by the district court under § 2J1.7 of the Guidelines because the defendant committed the bank fraud offense while released on bail for the other crimes. Application Note 2 to § 2J1.7 indicates that "the court ... should divide the sentence ... between the sentence attributable to the underlying offense and the sentence attributable to the enhancement." This apportionment requirement stems from 18 U.S.C. § 1347, which provides that a person convicted of an offense while on release must receive an additional sentence "consecutive to any other sentence of imprisonment." *See also United States v. Stevens,* 66 F.3d 431, 434–35 (2d Cir.1995) (explaining the apportionment requirement of § 2J1.7 and 18 U.S.C. § 3147). The district court therefore attributed 46 months to the underlying fraud offenses and five months to the enhancement.

Shortly after his sentencing, Chaklader moved to have his sentence corrected under Fed.R.Crim.P. 35(c), which authorizes a sentencing court to "correct a sentence that was imposed as a result of arithmetical, technical, or other clear error." Chaklader argued, and the prosecution agreed, that the apportionment violated the principle recognized in *Stevens* that the term apportioned to the underlying offense must fall within the guideline range that would be applied to that offense irrespective of the § 2J1.7 enhancement. *See Stevens,* 66 F.3d at 436. Chaklader's offense level, not including the three-level enhancement, was 15, resulting in a range of 30–37 months' imprisonment. *See* U.S.S.G. Chapter 5, Pt. A. Thus, the apportionment of 46 months to the underlying offenses was nine months more than the maximum provided by the Guidelines and therefore improper.

The district court held a hearing on April 21, 1999 to correct the sentence. Although both the prosecution and the defendant agreed that the apportionment was erroneous, they disagreed as to how to correct the problem. The prosecution argued that the court should maintain the 51–month total and, to satisfy *Stevens,* modify the apportionment so that the sentence for the underlying offenses was 37 months or less and the enhancement correspondingly greater. Chaklader agreed that the sentence for the underlying offense should be reduced to fall within the 30–37 month range but argued that the enhancement was required to remain at the original five months. The district court stated that its intent "was, and remains, that the [total] sentence in this case should be 51 months." The court then attributed 37 months—the maximum—to the underlying offenses, and 14 months to the enhancement, for a total of 51 months.

---

1. The district court also ordered the defendant to pay $108,839.82 in restitution. After Chaklader appealed his sentence on April 26, 1999, we remanded the case for a clarification of the restitution order. Chaklader does not challenge the restitution order, as clarified by the district court, in this appeal.

## DISCUSSION

### I. Reapportionment of Sentence

■ Chaklader contends that Fed. R.Crim.P. 35(c) authorizes the reduction in the 46–month sentence because it was clearly in error, but that the five-month sentence for the enhancement could not be modified because it contained no error. We disagree. The flaw in Chaklader's reasoning is his view of his sentence as having two independent components, one of which was in error and one of which was not. The record makes clear, however, that the district court's intent was to impose on Chaklader a total of 51 months' imprisonment for his crimes. The error in the sentence was not that total, but the district court's *apportionment* of the total between the sentence for the underlying offenses and the enhancement. Rule 35(c) authorizes the correction of that error by correcting the apportionment of the 51–month total.

Our decision in *Stevens* supports this result. There we held that the district court's apportionment of 292 months to the underlying offense and one month to the enhancement was erroneous under § 2J1.7. *See Stevens*, 66 F.3d at 435–36. The part of the sentence attributed to the underlying offense was required to fall within a range of 168–210 months. *See id.* at 436. We also noted, however, the separate requirement that the "total punishment" be "in accord with the guideline range for the offense committed while on release, as adjusted by the enhancement." *Id.* at 435 (quoting U.S.S.G. § 2J1.7 comment. (n. 2)) (internal quotation marks omitted). Had Chaklader's proposed one-sided correction been applied to the apportionment error in *Stevens*, the maximum sentence upon remand would have been only 211 months (i.e., 210 months for the correction of the sentence on the underlying offense and one month for the unchanged enhancement). This 211–month sentence would have fallen short of the 253–293 month range required for the total sentence by the commentary to § 2J1.7.

■ Our conclusion is also supported by the fact that where a court of appeals has remanded a criminal case for resentencing, a district court may, in some circumstances, "revise upward one component of a sentence after another component was held to have been invalidly imposed." *United States v. Versaglio*, 85 F.3d 943, 948–49 (2d Cir.1996). This power has been established by a line of cases beginning with *McClain v. United States*, 676 F.2d 915, 917–18 (2d Cir.1982) (*McClain II* ). There the defendant had initially received a total sentence of twenty-five years: fifteen for bank robbery and ten to run consecutively for using a firearm during the robbery in violation of 18 U.S.C. § 924(c) (1982). The defendant collaterally attacked the sentence and we invalidated the § 924(c) enhancement, vacated the entire sentence, and remanded for resentencing. *See McClain v. United States*, 643 F.2d 911 (2d Cir.1981). At resentencing, the district court increased the sentence for the bank robbery from fifteen to twenty years, a sentence we upheld in *McClain II* because the sentences for the enhancement and the underlying offense were "truly interdependent." 676 F.2d at 918. We subsequently explained our rationale for allowing the increase at resentencing in *McClain II*:

> The District Judge [in *McClain II* ] ... had felt himself bound by section 924(c) to impose a mandatory consecutive sentence to whatever sentence he imposed on the bank robbery count. Apparently wishing to impose an aggregate sentence of twenty-five years, he selected a fifteen-year term for the robbery count and added a ten-year consecutive sentence under section 924(c). Since the judge had most likely given a shorter term on the robbery count than he would have given had he not felt bound to impose a consecutive sentence on the section 924(c) count, he was afforded an opportunity to increase the robbery sentence.

*United States v. Pisani,* 787 F.2d 71, 73 (2d Cir.1986). We have frequently reaffirmed the *McClain II* holding. *See United States v. Gordils,* 117 F.3d 99, 102–04 (2d Cir.1997) (upholding increase in sentence for counts remaining after § 924(c) conviction was collaterally attacked and vacated by district court); *United States v. Vasquez,* 85 F.3d 59, 61 (2d Cir.1996) (vacating § 924(c) conviction and remanding for resentencing with instructions that the district court may increase sentence for related counts); *United States v. Diaz,* 834 F.2d 287, 289–90 (2d Cir.1987) (upholding increase in sentence for counts remaining after § 924(c) conviction was reversed and entire sentence was vacated and remanded); *cf. Versaglio,* 85 F.3d at 948–49 (permitting increase of fine after invalidation of imprisonment component of sentence); *United States v. Bohn,* 959 F.2d 389, 394–95 (2d Cir.1992) (permitting consideration of imprisonment upon resentencing after reduction of fine on appeal); *United States v. Young,* 932 F.2d 1035, 1037–38 (2d Cir. 1991) (invalidating the restitution component of a sentence but permitting the sentencing court upon remand to impose a fine instead); *United States v. Gelb,* 944 F.2d 52, 58–60 (2d Cir.1991) (permitting a judge, upon resentencing, to impose a total sentence that conformed to his original intent by increasing the sentence for one count where the sentences for the two other counts had been invalidated and where the trial judge regarded the three offenses as "fungible"). *But see Pisani,* 787 F.2d at 73–76 (forbidding an increase in the sentence for one count where the convictions on other counts were vacated).

 To be sure, we have explained that an upward revision of one component of a sentence when another component has been invalidated is permitted

> only where the revised sentence would be imposed on a count that was the same as, or related to, the count on which a component of the sentence was invalidated and only where the aggregate sentence was not "so severe as to

create an undue risk of deterring others from subsequent challenges to sentence components that might be unlawful."

*Versaglio,* 85 F.3d at 949 (quoting *Bohn,* 959 F.2d at 395). But these conditions clearly apply here. And the interdependence of the sentences for the underlying offense and the enhancement in this case is as strong, if not stronger, than in *McClain II* and its progeny.

Thus, if the sentencing court in this case were not permitted to correct apportionment errors pursuant to Fed. R. Crim P. 35(c) as it did, the result would be the same if the district court left the total sentence intact, declined to correct the sentence, allowed the incorrect sentence to be appealed to this Court where it would be vacated pursuant to *Stevens,* and *then* upon remand imposed pursuant to Fed. R.Crim.P. 35(a) the same total sentence lawfully apportioned between the underlying offenses and the enhancement. We do not think the law requires the employment of that sort of Rube Goldberg contraption to accomplish reapportionment of a sentence. The district court's own reconsideration and resentencing under Rule 35(c) is the direct, efficient, and therefore preferable procedural mechanism by which sentencing courts should correct "clear error[s]" in the apportionment required by U.S.S.G. § 2J1.7. We therefore conclude that the district court acted within its authority under Rule 35(c) in its correction of the apportionment error in Chaklader's original sentence.

## II. Drug and Alcohol Treatment on Supervised Release

 We also conclude that the district court did not abuse its discretion by imposing drug and alcohol treatment and tests as a condition of supervised release. Section 5D1.3(b) of the Guidelines authorizes a court to impose conditions of supervised release

> to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the

history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . .

We have previously recognized that "sentencing courts have broad discretion to tailor conditions of supervised release to the goals and purposes outlined in § 5D1.3(b)," and that "a condition may be imposed if it is reasonably related to any one or more of the specified factors." *United States v. Amer*, 110 F.3d 873, 883 (2d Cir.1997) (internal quotation marks and citations omitted).

Chaklader's presentence report indicates that he has a history of drug and alcohol problems, including positive tests in 1988 and 1989 while on federal probation and a 1996 conviction for driving while intoxicated. The presentence report also suggests a connection between his drug and alcohol abuse and his long history of criminal behavior. Although Chaklader contends that there is no evidence of current abuse of drugs or alcohol, we conclude that the district court's imposition of these conditions was well within its wide discretion to protect the public from further crimes and to rehabilitate the defendant.

### CONCLUSION

For the reasons set forth above, the judgment of the district court is hereby affirmed.