UNITED STATES of America,
Appellee,

v.

Ronald Eugene GIBSON Defendant–
Appellant.

No. 04–1592.

United States Court of Appeals,
Second Circuit.

March 22, 2005.

Theodore S. Green, Green & Willstatter, New York, New York, for Appellant.

William J. Stellmach, Assistant United States Attorney for the Southern District of New York, David N. Kelley, United States Attorney for the Southern District of New York, Adam B. Siegel, Assistant United States, Attorney for the Southern District of New York, New York, New York, for Appellee.

Present: MESKILL, JACOBS, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED.**

Ronald Eugene Gibson appeals from a judgment entered on March 19, 2004 in the United States District Court for the Southern District of New York (Casey, *J.*), ordering payment of restitution in the

amount of approximately $3.9 million to victims of a fraudulent investment scheme known as the Personal Choice Opportunities, Inc. Loan Program ["PCO"]. We assume that the parties are familiar with the facts, the procedural context, and the specification of the issues on appeal.

Gibson argues that the district court failed to include in its calculation the $968,434 seized from bank accounts controlled by his coconspirators, which had already been disbursed to victims. A district court has "broad discretion" in sentencing to consider any information before it with sufficient indicia of reliability. *See United States v. Pico,* 2 F.3d 472, 475 (2d Cir.1993); *see also United States v. Concepcion,* 983 F.2d 369, 388 (2d Cir.1992). The PCO receiver, Barry Fischer, Esq., expressly stated that the charts he provided to the district court, recording the loss and prior restitution to the PCO victims, "[i]ncluded all restitution to date" and that the $968,434 "in question is already fully taken into account." A 39. Fischer reported that the seized funds were "turned over to the special mastership" and that the special master "in close coordination with me" distributed those funds. The district court's reliance on this letter was well within its discretion. *See United States v. Prescott* 920 F.2d 139, 144 (2d Cir.1990). Gibson was given adequate opportunity to challenge this assertion—both in written objections and oral argument—but did not do so. *United States v. Slevin,* 106 F.3d 1086, 1091 (2d Cir.1996).

The district court recognized that to increase again the amount paid to the victims (and thus reduce the amount owed by Gibson) "would allow [Gibson] to double-count the $968,434 because he already has received an off-set for that amount." A 60.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**