09-0088-cr
USA v. Garcia

Seybert, J.
E.D.N.Y.
05-cr-575

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand ten.

PRESENT:

> Jose A. Cabranes,
> Barrington D. Parker,
> Reena Raggi,
> > *Circuit Judges,*

_____

United States of America,

> *Appellee,*

-v.-                                                     **No. 09-0088-cr**
                                                         **SUMMARY ORDER**

Philip Garcia,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:  Daniel A. Hochheiser, New York, New York

FOR APPELLEE:                    Benton J. Campbell, United States Attorney, Eastern
                                 District of New York (Peter A. Norling, Lara Treinis Gatz,
                                 Assistant United States Attorneys, of Counsel).

       UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

       Defendant-appellant Philip Garcia appeals from an amended judgment of the United States District Court for the Eastern District of New York (Seybert, *J.*).  The district court, in response to a remand from this court, *see United States v. Garcia*, 08-0409-cr, sentenced Garcia to 50 months' imprisonment  for conspiracy to commit robbery ("Count I") and 58 months' imprisonment for brandishing a firearm during a crime of violence ("Count II").  *See* 18 U.S.C. § 1951(a); id. § 924(c)(1)(A)(ii).  These sentences were to be served consecutively, for a total sentence of 108 months of incarceration.  We assume the parties' familiarity with the underlying facts and procedural history of the case.

       Garcia argues that his sentence on remand was procedurally unreasonable because the district court reduced his sentence on Count II but simultaneously increased his sentence on Count I, with the result that Garcia's total term of imprisonment was unchanged from his original sentence. However, we have previously upheld such a reapportionment of a sentence where a district court determines that a certain aggregate term of imprisonment is appropriate, but has made an error in apportioning the months of incarceration between counts. *See U.S. v. Chaklader*, 232 F.3d 343, 346 (2d Cir. 2000).  Garcia also claims that, during the sentencing hearing, the district court misunderstood the extent of his cooperation with the government and mistakenly believed that he had incurred additional criminal charges.  However, the only instance of possible misunderstanding to which Garcia cites (whether he had been released on bail and incurred additional charges) was

quickly corrected by both parties.  Thus we conclude that the district court committed no procedural errors in re-sentencing Garcia.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is AFFIRMED.

For the Court:
Catherine O'Hagan Wolfe, Clerk