09-2093-cr
United States v. Reed

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand eleven,

Present:        ROSEMARY S. POOLER,
                PETER W. HALL,
                      *Circuit Judges.*
                JOSEPH F. BIANCO,[*]
                      *District Judge.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

         -v-                         09-2093-cr

TERRY REED,

                    *Defendant-Appellant.*

_____

Appearing for Appellant:    Lawrence Mark Stern, New York, NY.

Appearing for Appellee:    Frank P. Cihlar, Gregory Victor Davis, Attorneys, Tax Division, Department of Justice, Washington, DC; (John A. DiCicco, Acting Assistant Attorney General *for* Richard S. Hartunian, United States Attorney, Northern District of New York, Albany, NY, *of counsel*).

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

_____

[*] The Honorable Joseph F. Bianco, United States District Court for the Eastern District of New York, sitting by designation.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** and the case is **REMANDED** for further proceedings consistent with this Order.

Defendant-Appellant Terry Reed ("Reed") pleaded guilty to one count of conspiracy to defraud the United States by falsely and fraudulently obtaining income tax refunds in violation of 18 U.S.C. § 286. On April 16, 2009, the District Court for the Northern District of New York, sentenced Reed to thirty-three months' imprisonment, to run consecutively with the sentence Reed was serving on unrelated state charges, followed by three years of supervised release. The court also ordered Reed to pay a mandatory assessment of $100, and restitution in the amount of $33,292.18. Reed now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Reed raises two central challenges to the sentence imposed by the district court. First, Reed claims that the district court erred in imposing the three-level management role sentencing enhancement pursuant to U.S.S.G. § 3B1.1(b) because it was not supported by the evidence, and the court failed to make a specific finding upon which the enhancement was based. Second, Reed claims that certain standard and special supervised release conditions imposed by the court were in error.

Beginning with Reed's second contention, Reed argues that the conditions imposed by the district court at sentencing were improper. At sentencing, the court imposed six special conditions of supervised release, and fourteen general conditions adopted by the Northern District of New York. Conditions of supervised release are typically reviewed for abuse of discretion. *United States v. Dupes*, 513 F.3d 338, 342-43 (2d Cir. 2008). Here, however, the government agues that the appropriate standard of review is "plain error," as Reed did not object to the conditions below. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). Reed, on the other hand, argues that where defendant had no notice that the court would impose the conditions, and the issue only relates to sentencing, the plain error standard has been relaxed. *See United States v. Sofsky*, 287 F.3d 122, 125-26 (2d Cir. 2002) (applying a relaxed standard of review to a condition of supervised release that was not recommended in the Pre-Sentence Report). The conditions imposed on Reed at sentencing were not mentioned in the Pre-Sentence Report ("PSR"), and thus Reed is correct that the more relaxed standard of review is applicable in his case.

A court may impose special conditions of supervised release that are "reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," provided that such conditions "involve no greater deprivation of liberty than is reasonably necessary" for the purposes of sentencing, and are consistent with the pertinent Sentencing Commission policy statements. U.S.S.G. § 5D1.3(b); *see also* 18 U.S.C. § 3583(d). Sentencing courts have broad discretion to tailor conditions of supervised release to the goals outlined in Section 5D1.3(b). *United States v. Abrar*, 58 F.3d 43, 46 (2d Cir. 1995). Regardless of the conjunctive "and" employed in Section 5D1.3(b), "a condition may be imposed if related to any one or more of the specified factors." *Id.*; *see also United States v. Chaklader*, 232 F.3d 343, 348 (2d Cir. 2000).

2

Reed objects to three special conditions that relate to his alcohol consumption. Those conditions are: (1) that Reed shall participate in a program for drug and alcohol use; (2) that Reed shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services that are rendered in an amount to be determined by the probation officer; and (3) that Reed shall refrain from the use of alcohol during treatment and for the remainder of his term of supervision.

Reed argues that alcohol and drug treatment is not a condition of supervised release reasonably related to any of the considerations enumerated in Section 5D1.3(b). The instant offense was committed while Reed was in prison, without access to alcohol or drugs, and there are no allegations that alcohol or drugs had any relation to its commission.

Reed is correct in asserting that the evidence in the record does not support the imposition of a condition that he participate in a program for substance abuse. The only Second Circuit case cited by the government, *Chaklader*, 232 F.3d at 348, held it was not error to include drug and alcohol treatment as a condition of supervised release where defendant had an extensive history of drug and alcohol problems, tested positive for drugs while on federal probation, and had a conviction for driving while intoxicated. Moreover, the PSR in that case "suggest[ed] a connection between [defendant's] drug and alcohol abuse and his long history of criminal behavior." *Id.* There are no similar connections made here between Reed's offense and his personal history or characteristics. Accordingly, we hold that special condition of supervision 1.—requiring Reed to participate in a program for substance abuse—and the subsequent related special conditions of supervision 2. and 3.—requiring Reed to contribute to the cost of such treatment and to refrain from any use of alcohol while in treatment and on supervised release—are not, on the record before us, reasonably related to any of the factors outlined in Section 5D1.3(b). We therefore vacate those conditions and remand the case to the district court for further consideration of whether it is necessary to impose any special conditions related to alcohol and substance abuse and, if so, for the court to explain the basis for imposing them in light of the factors listed in Section 5D1.3(b). In determining whether special conditions are indeed necessary, we specifically direct the court to consider whether "standard" condition U.S.S.G. § 5D1.3(c)(7), also imposed by the court's judgment, adequately addresses the court's alcohol and substance abuse concerns given the record in this case.

Reed also objects to the standard condition imposed on him by the district court which states that "as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement." U.S.S.G. § 5D1.3(c)(13). Reed argues that such a condition contradicts the Second Circuit's holding in *United States v. Reeves*, 591 F.3d 77, 80-83 (2d Cir. 2010), which found that a condition that required defendant to notify the probation officer "when he establishes a significant romantic relationship" and to "inform the other party of his prior criminal history concerning his sex offenses," was too vague, not reasonably related to the goals of sentencing, and a greater restriction on defendant's liberty than necessary. Reed argues that the concerns articulated in *Reeves* apply to this standard condition.

The government notes that the condition at issue is one of the fifteen "standard" conditions of supervised release recommended by the Sentencing Commission, set forth in U.S.S.G. § 5D1.3(c) (Policy Statement). The government argues that the requirement is consistent with the goal of rehabilitation in ensuring that Reed does not relapse into criminal

3

behavior, and also protects the public from the risks that Reed may pose. The government also states that the condition does not impermissibly delegate a judicial function to the probation officer, as the officer has no control over whether defendant had to provide notice in the first instance, but only determines the when, where, and to whom.

In this case the recommended standard condition requires the probation officer to direct the defendant to "notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics." U.S.S.G. § 5D1.3(c)(13). Clearly, Reed's present conviction for tax fraud is one factor to be considered when determining the type of risk that may require notification. With respect to additional, nonmandatory conditions of supervised release, Section 5D1.3(b) provides some general guidance: "[t]he court may impose other conditions of supervised release to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense *and the history and characteristics of the defendant*." U.S.S.G. § 5D1.3(b) (emphasis added). Accordingly, Reed's prior conviction, being both part of his history and a likely indication of some characteristic, may also be considered. Whatever vagueness may infect the condition, it is not enough to preclude it being imposed, and the condition thus stands.

Additionally, insofar as Reed argues that *Reeves* controls, the latter case is distinguishable in that it involved the direction to notify a probation officer when defendant would enter a difficult-to-define "significant romantic relationship," thus interfering with the protected realm of an associational interest. 591 F.3d at 82-83. Moreover, the court in *Reeves* specified that "[w]e have no doubt that in the appropriate circumstance a court, on the recommendation of the Probation Department, could require a defendant to notify third-parties of risks arising from defendant's criminal record, personal history, or characteristics," citing specifically to U.S.S.G. § 5D1.3(c)(13). *Id.* at 82.

Regarding Reed's challenge to the district court's imposition of a three-level enhancement pursuant Section 3B1.1(b), we find that it fails, as the district court made adequate factual findings. Before imposing a sentencing enhancement pursuant to Section 3B1.1, a district court must make a specific finding as to why a particular section applies. *See United States v. Ware*, 577 F.3d 442, 451 (2d Cir. 2009) (citing *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008)). "The findings of the sentencing court must be sufficiently specific to permit meaningful appellate review." *Ware*, 577 F.3d at 452. A sentencing court may adopt the factual statements contained in a PSR, although adoption is not sufficient if the PSR itself does not contain enough facts to enable meaningful review. *Id.*; *see also United States v. Carter*, 489 F.3d 528, 540 (2d Cir. 2007). Our review of whether the district court's factual findings support its decision to impose the enhancement pursuant to Section 3B1.1(b) is de novo. *United States v. Paccione*, 202 F.3d 622, 624 (2d Cir. 2000).

Section 3B1.1(b) directs a district court to increase a defendant's offense by three levels where "defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive[.]" U.S.S.G. § 3B1.1(b). The decision to apply the enhancement thus involves a two-part determination: whether defendant was a "manager or a supervisor," and whether the criminal activity involved at least five participants or was "otherwise extensive."

The district court was correct in finding that the scheme involved five or more participants or was otherwise extensive. *See* U.S.S.G. § 3B1.1(b). The PSR, which the court

adopted, named a total of nine individuals that were involved in the scheme; the court noted that Reed was assisted by other inmates, as well individuals outside of the prison, and Reed signed a total of twenty-three tax returns with information he was given from various individuals. Accordingly, there is ample evidence supporting the fact that the conspiracy involved more than five participants, or was "otherwise extensive." *See United States v. Bennett*, 252 F.3d 559, 566 (2d Cir. 2001) (finding that a scheme was "otherwise extensive" where defendant's "frauds involved a wide array of witting or unwitting brokers, accountants, and bankers").

The district court was also correct in finding that Reed was a manager or a supervisor. The imposition of Section 3B1.1 follows from the finding that defendant "exercised some degree of control over others" or else "played a significant role in the decision to recruit or to supervise lower-level participants." *United States v. Blount*, 291 F.3d 201, 217 (2d Cir. 2002) (internal quotation marks omitted). The court indicated that it relied on the PSR, the plea agreement which stated that Reed "recruited other individuals to mail the false tax returns," and the plea allocution, where Reed agreed with the government's statements explaining how it would prove the case against him. The evidence that Reed had authored the returns himself, based upon the information received from others, lends further support to the notion that Reed organized them for the purpose of carrying out the crime. Accordingly, the enhancement was supported by sufficiently specific findings.

We have considered all of appellant's remaining contentions, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED and the case is REMANDED for further proceedings consistent with this Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5