13-268-cr
United States v. Hardy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of January, two thousand fourteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                     *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

         -v-                                              13-268-cr

JASIAH KARIENNE HARDY,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Yuanchung Lee, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

Appearing for Appellee:      Marcia M. Henry, Assistant United States Attorney (Loretta E. Lynch, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, *on the brief*), Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jasiah Hardy appeals from the special condition imposed as part of the judgment entered on January 18, 2013 in the United States District Court for the Eastern District of New York (Mauskopf, *J.*) barring him from consuming alcohol during the term of his supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Hardy argues that the special condition forbidding him from using any alcohol at all during his term of supervised release must be vacated as there is no connection between that condition and the relevant underlying conduct, and the condition constitutes a "greater deprivation of liberty . . . than reasonably necessary."

Our Court set forth the relevant standard of review for challenging a condition of supervised release in *United States v. Reeves*:

> We review *de novo* questions of law arising from the imposition of a condition of supervised release. *United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006). "A district court retains wide latitude in imposing conditions of supervised release," *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008), and therefore we subject the conditions themselves to "an abuse of discretion standard, where any error of law constitutes an abuse of discretion." *Johnson*, 446 F.3d at 277.

591 F.3d 77, 80 (2d Cir. 2010). Hardy did not object to the condition below, so we review the district court's ruling for plain error. *See* Fed. R. Crim. P. 52(b).

"A sentencing court may impose special conditions of supervised release that are 'reasonably related' to certain statutory factors governing sentencing, 'involve[ ] no greater deprivation of liberty than is reasonably necessary' to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Myers*, 426 F.3d 117, 123-24 (2d Cir. 2005) (quoting 18 U.S.C. § 3583(d)). Sentencing judges may impose special conditions of supervised release

> to the extent that such conditions (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b).

2

We affirm.  On this record, where defendant's use of marijuana is well documented, the district court did not commit plain error in imposing a special condition of  alcohol abstention. *See United States v. Chaklader*, 232 F.3d 343, 347-48 (2d Cir. 2000) (upholding an alcohol- and drug-related condition of supervised release); *see also United States v. Forde*, 664 F.3d 1219, 1222-25 (8th Cir.) (upholding an alcohol ban where the record showed that the defendant abused drugs), *cert. denied*, 132 S. Ct. 2789 (2012).

Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk