23-6646
*United States v. Bernard*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of May, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> GUIDO CALABRESI,
> MYRNA PÉREZ,
> > *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                          23-6646

RYAN BERNARD,

> *Defendant-Appellant*.

_____

For Appellee:                              Rajit Singh Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

For Defendant-Appellant:        James P. Egan, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ryan Bernard appeals from a June 14, 2023 judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*) revoking his earlier-imposed term of supervised release and sentencing him to six months' imprisonment and thirty months' supervised release.

In August 2020, Bernard pleaded guilty to one count of possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), for which he was sentenced to sixty days' time served and three years' supervised release. Bernard began his term of supervised release on February 15, 2022. While on supervised release, and in violation of the special conditions of his supervision, Bernard tested positive on six occasions for marijuana and cocaine use. Bernard also twice failed to report to the Probation Office as directed and associated with a known criminal for the purpose of obtaining cocaine. The Probation Office filed a revocation petition on June 1, 2023, and the district court held a revocation hearing on June 13, 2023.[1]

In sentencing Bernard for his violations of supervised release, the district court reimposed five special conditions recommended in the Presentence Report—each of which was also included in Bernard's initial sentence. One of these special conditions, which Bernard challenges on

---

[1] In addition to charging Bernard in connection with his failed drug tests, failures to report, and association with an individual engaged in criminal activity, all of which Bernard admitted, the Probation Office alleged that Bernard (1) "was involved in an altercation with his ex-girlfriend and her new boyfriend," in which Bernard attempted to "hit his ex-girlfriend's boyfriend multiple times with his car," and (2) reported to the Probation Office "with his minor son" while under the influence of cocaine. A-43.

appeal, requires him to "refrain from the use of alcohol" during his term of supervision.    A-66.

While Bernard did not object to this special condition below—either to its imposition as a

component of his original sentence or its reimposition at the revocation hearing—he argues on

appeal that the record evidence before the district court was insufficient to support a complete ban

on alcohol use.    Bernard also challenges as procedural error the district court's consideration of

the unadmitted allegations in the revocation petition, as well as its inference that Bernard "drove

his minor son to the . . . Probation Office while under the influence of narcotics."    A-56.    For

the reasons set forth below, we disagree with each of Bernard's contentions and affirm the district

court's judgment.    We assume the parties' familiarity with the underlying facts, the procedural

history of the case, and the issues on appeal.

## I.    Alcohol Ban

Bernard argues that the district court lacked an adequate basis to impose the special

condition requiring him to refrain from alcohol use.    The Government disagrees, arguing that

there is ample record evidence that Bernard abuses substances, including alcohol.    Where, as

here, the defendant failed to object to the imposition of the challenged condition below, our review

is for plain error.[2]    *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008).    To satisfy the

---

[2]  We decline to consider the Government's argument that the "relaxed" plain error standard recognized in *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002) (holding that "in the sentencing context there are circumstances that permit us to relax the otherwise rigorous standards of plain error review to correct sentencing errors"), has been abrogated by recent Supreme Court precedent.    *See, e.g.*, *Davis v. United States*, 589 U.S. 345 (2020) (per curiam).

Whatever the merits of the Government's position, the "relaxed" plain error standard is not applicable here. Because the Presentence Report, which Bernard reviewed with counsel, recommended the challenged condition, and the full terms of the condition were made clear at the oral hearing, it cannot be said that Bernard "had no prior knowledge that [the challenged special condition] would be imposed," *Sofsky*, 287 F.3d at 125; *cf. United States v. Dupes*, 513 F.3d 338, 343 n.2 (2d Cir. 2008) (applying a relaxed form of plain error review "because the presentence report failed to give the defendant notice that the condition of supervised release might be imposed"); *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (applying a "relax[ed] . . . plain error standard" where the defendant "did not have an opportunity to raise a

plain error standard, Bernard must show that: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [Bernard]'s substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

Because special conditions are "necessary to effect [the] purpose" of supervised release, *United States v. Truscello*, 168 F.3d 61, 62 (2d Cir. 1999), sentencing courts have "wide latitude" to impose them, *United States v. MacMillen*, 544 F.3d 71, 74 (2d Cir. 2008). This discretion, however, "is not 'untrammeled.'" *Dupes*, 513 F.3d at 343 (citation omitted). Rather, a condition of supervision must satisfy the requirements of 18 U.S.C. § 3583(d)(1)–(3). First, the condition must be reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D). Second, the condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to meet these sentencing goals. *Id.* § 3583(d)(2). Finally, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." *Id.* § 3583(d)(3).

---

contemporaneous objection to his conditions of supervised release" because "the full terms of the condition were still unknown at the oral hearing" and "the condition was not imposed until the judge issued the final written order"). Thus, the conditions for our plain error review to be "relaxed" are not met in this case.

A district court commits error if it fails "to make an individualized assessment when determining whether to impose a special condition of supervised release" and "to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). However, even "[i]n the absence of such an explanation, we may uphold the condition imposed . . . if the district court's reasoning is 'self-evident in the record.'" *Id.* (citation omitted).

Here, assuming *arguendo* that the district court inadequately explained why it reimposed the challenged special condition, its reasoning is "self-evident in the record." *Id.* (citation omitted). The record evidence amply demonstrates Bernard's persistent substance abuse issues, as well as their impact on his violations of supervision. During his term of supervised release, Bernard tested positive for cocaine or marijuana on six separate occasions. Despite warnings from the Probation Office that drug use would jeopardize his supervised release, Bernard continued to use, even "admitt[ing] he has more of a problem with cocaine" than he was initially willing to acknowledge. A-43. We have previously upheld the exact same special condition banning alcohol use in similar circumstances. *See, e.g.*, *United States v. King*, No. 22-1024, 2023 WL 6842445, at *2 (2d Cir. Oct. 17, 2023) (summary order) (affirming the district court's imposition of the special condition because the record evidence revealed the defendant's "life-long substance abuse issues, continuing until the time he was arrested" for the underlying offense); *United States v. Hardy*, 553 F. App'x 67, 68 (2d Cir. 2014) (summary order) (upholding the special condition "where [the] defendant's use of marijuana [was] well documented" in the record). Thus, we conclude that the challenged condition is reasonably related to "the nature and circumstances of the offense[s]" leading to revocation, 18 U.S.C. § 3553(a)(1), and does not involve an unnecessary "deprivation of [Bernard's] liberty," *id.* § 3583(d)(2).

## II. Unadmitted Allegations

Bernard next challenges his sentence as procedurally unreasonable, arguing that the district court improperly (1) considered unadmitted allegations that he was involved in an altercation with his ex-girlfriend and her new boyfriend, and (2) inferred from factual allegations in the revocation petition that he drove his minor son while under the influence of cocaine. Because Bernard failed to raise either of these arguments below, "rigorous plain error" review applies. *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007). A district court commits a "significant procedural error" if it: (1) "fail[s] to calculate (or improperly calculat[es]) the Guidelines range," (2) "treat[s] the Guidelines as mandatory," (3) "fail[s] to consider the § 3553(a) factors," (4) "select[s] a sentence based on clearly erroneous facts," or (5) "fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Under this formulation, we interpret Bernard's argument to be that the district court "select[ed] a sentence based on clearly erroneous facts." *Id.* It is a "longstanding principle that sentencing courts have broad discretion to consider various kinds of information," *United States v. Watts*, 519 U.S. 148, 151 (1997) (per curiam), as a sentencing court must "possess[] . . . the fullest information possible" to properly sentence the defendant, *Williams v. New York*, 337 U.S. 241, 247 (1949). To enable this rigorous sentencing process, sentencing courts "are not restricted to information that would be admissible at trial," *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998) (per curiam) (citations omitted), nor are they precluded from considering "past criminal behavior which did not result in a conviction and lawful conduct that bears on the defendant's character and prospects for rehabilitation," *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 572–73 n.19 (1996). Nevertheless, for a sentencing determination to satisfy due process standards, the

6

district court is limited to considering information that "has sufficient indicia of reliability to support its probable accuracy." *S.E.C. v. Monarch Funding Corp.*, 192 F.3d 295, 305 (2d Cir. 1999); *see also United States v. Juwa*, 508 F.3d 694, 700–01 (2d Cir. 2007) (describing "distinct limits" to the sentencing court's discretion to include "a defendant's due process right to be sentenced based on accurate information"). Thus, it is "inconsistent with due process of law" to sentence a defendant based on "assumptions concerning [the defendant's] criminal record which [are] materially untrue." *Townsend v. Burke*, 334 U.S. 736, 740–41 (1948).

Here, both of Bernard's claims of procedural error suffer from the same deficiency: in the revocation proceeding below, Bernard neither objected to the district court's consideration of the disputed allegations, nor identified any error in the revocation petition's characterization of these allegations. While Bernard declined to admit to the allegations, he did not assert a material "factual challenge" to them below and still has not "identif[ied] on appeal any . . . information in the [revocation petition] that was not accurate." *United States v. Olmeda*, 837 F. App'x 52, 55 (2d Cir. 2020) (summary order). Despite having an "adequate opportunity to challenge" the underlying allegations in the revocation petition, *United States v. Gibson*, 127 F. App'x 517, 518 (2d Cir. 2005) (summary order), Bernard allowed them to remain "largely uncontradicted," *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir. 1989). Because Bernard failed to identify any factual error in the disputed allegations or to object to their use by the district court, *see United States v. Ibanez*, 924 F.2d 427, 430 (2d Cir. 1991), the district court was entitled to credit these allegations and to draw reasonable inferences from them. The district court committed no error—plain or otherwise—in doing so.

\* \* \*

We have considered Bernard's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk