25-444
*United States v. Sims*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-six.

PRESENT:
        ROBERT D. SACK,
        MYRNA PÉREZ,
            *Circuit Judges*,
        LORETTA A. PRESKA,
            *District Judge*.[*]

---

UNITED STATES OF AMERICA,

                *Appellee*,

        v.                             No. 25-444

DEWEY K. SIMS,

                *Defendant-Appellant.*

---

[*]     Judge Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

1

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | MELISSA A. TUOHEY, Federal Public Defender's Office, Syracuse, NY. |
| **FOR APPELLEE:** | THOMAS R. SUTCLIFFE (Allen J. Vickey, *on the brief*), Assistant United States Attorneys, *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a February 20, 2025, judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Dewey Sims appeals from a judgment of the United States District Court for the Northern District of New York, entered on February 20, 2025, for revocation of supervised release, sentencing him principally to eighteen months' imprisonment to be followed by eighteen months of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm Sims's sentence.

I.    <u>Background</u>

In 2021, Sims was indicted on a single count of possessing a firearm as a person with a felony conviction in violation of 18 U.S.C. § 922(g)(1), to which he pled guilty pursuant to a plea agreement with the Government. He was sentenced principally to

thirty-three months' imprisonment, to be followed by three years of supervised release. Among other conditions, the District Court imposed two special conditions of supervised release: (1) that Sims "must participate in a program for substance abuse which shall include testing for use of controlled substances, controlled substance analogues, and alcohol," and (2) that Sims "must not possess, use, or sell marijuana or any marijuana derivative." App'x at 54–55.[1]

While Sims was on supervised release in December 2024, the Probation Office petitioned the District Court for a warrant for his arrest and revocation of supervised release. The petition alleged various violations of Sims's conditions of supervised release, including those stemming from a traffic stop on November 4, 2024, by the Albany County Sheriff's Department that found Sims in possession of marijuana. In sum, the Probation Office alleged that Sims was "engaging in the sale of narcotics and appear[ed] to have had some involvement with firearms." App'x at 83.

The District Court held a revocation hearing in February 2025. App'x at 86. It found that Sims violated his conditions of supervised release because, among other things, he "was involved in the sale and the possession of marijuana." App'x at 224. For

---

[1]     The District Court also imposed a third special condition, that Sims "must not associate with any member, associate, or prospect of the Jungle Junkies, or any other criminal gang, club, or organization." App'x at 55. Sims appealed the imposition of this third condition, and we vacated imposition of that condition because "the reasonableness of imposing the Special Non-Association Condition is not self-evident from this record as it stands," and we remanded for the District Court to "provide the necessary justification or further develop the record to support the imposition of the special condition." *United States v. Sims*, 92 F.4th 115, 129 (2d Cir. 2024). On remand, the District Court declined to enter that special condition, App'x at 12, and entered an amended judgment without that special condition, App'x at 58–62.

those violations, the District Court sentenced Sims to eighteen months' imprisonment, to be followed by eighteen months of supervised release. App'x 249–51. The District Court imposed a series of conditions of supervised release. These conditions included Special Condition One which the Court pronounced as:

> You must participate in a program for substance abuse which will include testing for the use of controlled substances, controlled substance analogs and alcohol. This may include outpatient treatment as recommended by the treatment provider based upon your risks and needs.
>
> You may also be required to participate in inpatient treatment upon recommendation of the treatment provider but upon approval the [sic] Court. The probation office will approval the location, frequency and duration of outpatient treatment.
>
> You must abide by the rules of any treatment program which may include abstaining from the use of alcohol. You shall contribute to the cost of any evaluation and/or treatment in an amount to be determined by the probation officer based on your ability to pay and the availability of third-party payments.

App'x at 254.[2] In doing so, the District Court explained:

> The Court imposes special condition one requiring substance abuse testing and treatment to assist you in your rehabilitation efforts and to allow for ongoing monitoring of your sobriety. These conditions are related to your substance abuse history which include an admitted history of drug use prior to the instant offense. Specifically, the defendant was consuming marijuana weekly up until the point of the underlying federal arrest.

---

[2]    The District Court's judgment regarding the revocation of supervised release listed Special Condition One with slightly different wording than what was orally pronounced at sentencing. *See* App'x at 262. However, "[i]n the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls." *United States v. Maiorana*, 153 F.4th 306, 310 (2d Cir. 2025) (en banc) (quoting *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004)). The parties do not dispute that the version of the condition pronounced at sentencing controls. *See* Appellant's Br. at 6–7; Appellee's Br. at 11–12.

4

App'x at 252.

Sims now appeals his sentence on the sole basis that Special Condition One was improperly imposed because the record contained no evidence that Sims used or abused alcohol. We affirm because on this record, the District Court did not plainly err in imposing this condition.

## II. **Standard of Review**

"Generally, we review conditions of supervised release for abuse of discretion. When the defendant does not object to the conditions, however, we review only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (citing *United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008)). There is no dispute here that Sims did not object at sentencing, and so plain error review applies. *See* Appellant's Br. at 9–10.[3]

"To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Taylor*, 961 F.3d 68, 81 (2d Cir. 2020) (quoting *United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019) (per curiam)). But even if all three conditions are met, we would "exercise our discretion to rectify this forfeited error

---

[3] We reject Sims's assertion that the plain error standard should be relaxed here. In certain exceptional circumstances, "we have employed a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015) (citing *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010)). Sims had notice of Special Condition One because here the District Court referenced "the special conditions that were provided in advance of sentencing," before orally pronouncing all the applicable conditions at sentencing itself. App'x at 251–54. "[O]ur caselaw is clear that traditional plain-error review applies when, as here, a defendant has notice that a condition of supervised release will be imposed and fails to object." *United States v. Arguedas*, 134 F.4th 54, 69 (2d Cir. 2025) (alteration in original) (quoting *United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025)).

5

only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Bleau*, 930 F.3d at 39). "We have warned that 'reversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *United States v. Lewis*, 125 F.4th 69, 74 (2d Cir. 2025) (quoting *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007)).

### III. The Challenge to Special Condition One's Restrictions on Alcohol

Sims's challenge to Special Condition One is unavailing. "We review special conditions of supervised release for both procedural and substantive reasonableness." *United States v. Sims*, 92 F.4th 115, 122 (2d Cir. 2024) (citing *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019)). Sims asserts "[t]he district court gave no explanation for including alcohol testing and abstention in Special Condition No. 1." Appellant's Br. at 12. This is a procedural reasonableness challenge: "For a sentence to be procedurally reasonable, a District Court must 'make an individualized assessment when determining whether to impose a special condition of supervised release, and . . . state on the record the reason for imposing it.'" *Eaglin*, 913 F.3d at 94 (alteration in original) (quoting *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018)). Furthermore, "[a]ny explanation provided by the District Court must be adequately supported by the record." *Id.*

The District Court provided an explanation for imposing Special Condition One, and while it specifically mentioned that "defendant was consuming marijuana weekly up until the point of the underlying federal arrest," it also stated more generally that the

6

condition was imposed "to assist you in your rehabilitation efforts and to allow for ongoing monitoring of your sobriety" in relation to "your substance abuse history." App'x at 252. Alcohol is a substance that can be abused, and limiting alcohol use is reasonably related to maintaining sobriety as part of rehabilitation. Indeed, the Sentencing Guidelines' policy statement on special conditions regarding "substance abuse" recommends:

> If the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol—(A) a condition requiring the defendant to participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol; *and* (B) a condition specifying that the defendant shall not use or possess alcohol.

U.S. Sent'g Guidelines Manual § 5D1.3(d)(4) (U.S. Sent'g Comm'n 2024) (emphasis added); *see also Eaglin*, 913 F.3d at 94 ("[A] district court 'may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, "involve[] no greater deprivation of liberty than is reasonably necessary" to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements.'" (quoting *United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005))). And in any event, Special Condition One does not necessarily prohibit alcohol: what it mandates is participation in a substance abuse treatment

7

program which "*may* include abstaining from the use of alcohol." App'x at 254 (emphasis added).[4]

The situation at bar is thus unlike those in cases where we have vacated alcohol-related conditions of supervised release. We have done so where a district court "provided no reason for imposing this special condition, beyond a clearly stated displeasure with defendant's performance while on supervised release," and where the special condition simply "prohibit[s] all alcohol use" without condition. *See Betts*, 886 F.3d at 200–03 (explaining that the district court "ordered that the defendant refrain from consuming any alcohol whatsoever while under supervision"). At bottom, the District Court acted "well within its wide discretion to protect the public from further crimes and to rehabilitate the defendant" in imposing Special Condition One. *United*

---

[4] The Government asserts that Sims's "challenge to the portion of the condition requiring him to comply with any rules requiring him to abstain from alcohol is unripe because the rules of his program may never require such abstention." Appellee's Br. at 22. But this misapprehends both ripeness and the nature of Sims's challenge. Sims's challenge to Special Condition One is justiciable because it challenges the propriety of the District Court "including alcohol testing and alcohol abstention" in the condition, Appellant's Br. at 8, which does not "depend[] upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020) (quoting *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013)). The District Court imposed those elements of the condition based on the closed record before it, and Sims makes a legal challenge over the propriety of that imposition, based on that record. Indeed, under the Government's conception of ripeness, it is unclear how *any* challenge to conditions of supervised release can be ripe before one is actually released and subject to those conditions. For example, a search condition is not unripe for challenge simply because an eventual parolee may never be searched.

*States v. Chaklader*, 232 F.3d 343, 348 (2d Cir. 2000).  We discern no plain error on this

record, and the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court