*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-194, 2010-195 & 2010-196

JANUARY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | District Court of Vermont, |
| | } | Unit No. 2, Bennington Circuit |
| | } | |
| Todd E. Maddox, Sr. | } | DOCKET NOS. 918-8-09, 932-8-09 & |
| | | 972-9-09 Bncr |

Trial Judge: David Suntag

In the above-entitled causes, the Clerk will enter:

Defendant appeals from a district court order finding that he violated two conditions of probation and imposing the underlying sentence of eighteen to thirty-six months with credit for time served. Defendant contends that one of the probation conditions was void for vagueness and consequently that the sentence must be vacated. We affirm.

In November 2009, defendant pled guilty to several violations of abuse prevention orders obtained by his former wife, was sentenced to a total of eighteen to thirty-six months, all suspended except for forty-five days, and placed on probation. In early January 2010, defendant's probation officer filed a complaint alleging that defendant had violated a probation condition requiring that he inform the officer "of the name and contact information of any person with whom you are planning to have a date or with whom you are planning to begin a dating or romantic relationship, prior to the date or beginning the relationship." The complaint was based upon a report from an acquaintance of defendant that, on several occasions, defendant had appeared without notice at her home and place of employment offering her rides—and on one occasion a flower—and had sent her emails asking her to spend time with him. Defendant had told the complainant not to say anything about his visits with her because he was not allowed contact with females.

Based on the report, the probation officer met with defendant on January 12, 2009, and directed him not to have any contact with the woman in question. Later that month, however, the probation officer filed another VOP complaint based upon defendant's admission that he had given the woman a ride in direct contravention of the probation officer's directive.

Following a hearing in February 2010, the court found that defendant had committed both violations. The court rejected defendant's assertion that the probation condition prohibiting a "dating" or a "romantic" relationship without prior notice was unconstitutionally vague, finding that the concept was reasonably clear, and that, in any event, defendant understood the

prohibition.  The court further found that even if the condition was vague and unenforceable, the evidence clearly supported a finding that defendant had committed the additional violation of failing to comply with the probation officer's directive not to contact the complainant, rejecting defendant's claim that the contact was inadvertent.  Moreover, the court observed that the latter violation was far from de minimus, finding that it was "precisely why he's on probation," that he "must follow court orders" and had not done so.  "[H]e was specifically told not to have contact with her, and he did."

At the subsequent sentencing hearing in May 2010, the court indicated that it viewed imposition of the underlying sentence to be the only viable sentencing option based upon the underlying history of physical and violent confrontations that had resulted in the abuse-prevention orders in the first place, the numerous violations of those orders that had followed, and the intimidating behavior defendant displayed toward the complainant, all of which suggested that he was unable to comply with court orders.  Based on that history, the court concluded that a behavioral-counseling program in prison, followed by a transitional furlough or parole program on the outside, was the only reasonable option that remained.  Accordingly, the court revoked probation and imposed the underlying sentence of eighteen to thirty-six months plus credit for time served.

Defendant renews his claim that the probation condition requiring notice before beginning "a dating or romantic relationship" is unconstitutionally vague.  He relies on a recent federal circuit decision invalidating as unconstitutionally vague a probation condition requiring notice before the supervisee enters into a "significant romantic relationship."  United States v. Reeves, 591 F.3d 77, 79 (2d Cir. 2010).  The federal court found that "[w]hat makes a relationship 'romantic,' let alone 'significant' in its romantic depth, can be the subject of endless debate that varies across generations, regions, and genders" and thus provided insufficient notice of the prohibited behavior.  Id. at 81. The State responds that Reeves is distinguishable because the condition there required the additional showing of a "significant" relationship, and that defendant understood the prohibited conduct in any event.

We are not persuaded that the probation condition at issue failed to provide adequate notice to defendant of the conduct prohibited.  Unlike Reeves, the probation condition at issue here did not contain a qualitative element predicated upon a showing that defendant was seeking to initiate a "significant" romantic relationship; it merely required that defendant inform the probation officer of his intent to begin a romantic or dating relationship, and we are satisfied that these terms were sufficiently clear to put defendant on notice of the conduct subject to the requirement.  See State v. Danaher, 174 Vt. 591, 593-94 (2002) (mem.) (holding due process satisfied where ordinary language of probation condition would put reasonable person on notice of conduct prohibited).  Moreover, even if the condition were somehow unclear in the abstract, the facts here demonstrate that defendant plainly understood that it applied to this relationship, as evidenced by his request to the complainant not to say anything about his contact with her.  Accordingly, we find no infirmity in the finding of a violation.

Furthermore, the trial court here also found that defendant had unquestionably violated the probation officer's additional order not to contact the complainant, a finding which defendant has not challenged on appeal.  See State v. Hammond, 172 Vt. 601, 602 (2001) (mem.) (holding that defendant may be put on notice as to what may violate probation condition by instructions

2

and directions of probation officer).  Accordingly, we find no error in the court's decision to revoke probation and impose the underlying sentence, a decision predicated, in the court's view, on the threatening nature of the underlying criminal behavior, defendant's demonstrated history of noncompliance with court orders, and the need for institutional programming.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice