10-4248-cr (L)
USA v. Dugan

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 5th day of December, two thousand eleven.

Present:    JOHN M. WALKER, JR.,
            ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v. -                    Nos. 10-4248-cr (L); 10-4537-cr (CON)

RICHARD R. DUGAN, THEODORE A. PUCKETT,

                    *Defendants-Appellants*.

_____

For Defendant-Appellant Dugan:          DARRELL B. FIELDS, Federal Defenders of New
                                        York, Inc., Appeals Bureau, New York, N.Y.

For Defendant-Appellant Puckett:        DANIEL NOBEL, New York, N.Y.

For Appellee:                           ALVIN L. BRAGG, JR., Assistant United States
                                        Attorney (Brent S. Wible, Assistant United
                                        States Attorney, *on the brief*), *for* Preet Bharara,
                                        United States Attorney for the Southern District
                                        of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on October 18, 2010 is **AFFIRMED**, and the judgment of the district court entered on November 3, 2010 is **AFFIRMED** in part and **VACATED** and **REMANDED** in part for further proceedings consistent with this order.

Defendant-Appellant Theodore A. Puckett appeals from an amended judgment of conviction entered on October 18, 2010, and Defendant-Appellant Richard R. Dugan appeals from a judgment of conviction entered on November 3, 2010, by the United States District Court for the Southern District of New York (Sweet, *J.*), following a bench trial. The district court found both Puckett and Dugan guilty of physically obstructing access to a reproductive services facility in violation of the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248. On appeal, Puckett challenges the sufficiency of the evidence in support of his conviction and Dugan challenges the supervised release condition barring him from knowingly coming within 1,000 feet of a reproductive health clinic without prior written permission.[1] We assume the parties' familiarity with the facts and procedural history of the case.

Turning first to Puckett's appeal, we review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government. *See United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008). An appellant "bears a heavy burden" in challenging the sufficiency of the evidence. *Id.* (internal quotation marks omitted). The

---

[1] Dugan also contends that he was entitled to a jury trial as opposed to a bench trial. We address this issue in a separate opinion in which we conclude that Dugan's offense constitutes a "petty offense" and thus that the district court properly conducted a bench trial.

2

standard of review is "exceedingly deferential." *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008). "[W]e must . . . credit[] every inference that could have been drawn in the government's favor." *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008). A conviction must be affirmed if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted).

The relevant provision of the FACE Act penalizes "[w]hoever . . . by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services." 18 U.S.C. § 248(a)(1). Thus, under the circumstances of this case, the government had to prove that Puckett (1) by physical obstruction, (2) intentionally interfered with or attempted to interfere with any person, (3) because that person was or had been obtaining or providing reproductive health services. The statute defines "physical obstruction" as "rendering impassable ingress to or egress from a facility that provides reproductive health services . . . or rendering passage to or from such a facility . . . unreasonably difficult or hazardous." *Id.* § 248(e)(4).

Drawing all reasonable inferences in the government's favor, as we must, we conclude that the evidence was sufficient to support Puckett's conviction. As noted by the district court, the testimony of the clinic's security guard established that Puckett kneeled intentionally in front of the door to block it, thus satisfying the first two elements. Puckett App. 113. Puckett argues that he was arrested simply after he assumed a "silent, prayerful position," Puckett Br. 9, and that

3

nobody sought to enter the clinic during the time he was in front of the main door. He contends that he did not physically obstruct the entrance to the facility so as to interfere with anyone's effort to enter or leave. However, the security guard testified that Puckett "was kneeling directly in front of the door so the door could not have opened." Puckett App. 62. The security guard then indicated that the police arrested Puckett after he refused to move and that "[a]fter the police removed him . . . both staff and patients were able to enter into the clinic." *Id.* at 63. When viewing this testimony in the light most favorable to the government, the testimony supports the district court's conclusion that Puckett sought to interfere with those outside the clinic seeking to obtain or provide reproductive services.

Puckett further claims that he lacked the specific intent to block access to the facilities and was merely expressing his solidarity with the other protestors. However, at his initial appearance before the magistrate judge, Puckett stated that he had been "captured while performing a duty," and that his duty was to "interven[e] against the slaughter of our unborn citizens," and during his arraignment, he said that he was "defending the unborns." Gov't Add. 7, 22.[2] While Puckett argues that these statements merely reflect his "general sympathy for the cause of the protesters that were out in front of the Planned Parenthood clinic," Puckett Br. 13, rather than a specific intent to block anyone's access to the facility, the district court was entitled to infer from these statements that Puckett had acted with the requisite motive. *See United States v. Weslin*, 156 F.3d 292, 298 (2d Cir. 1998) (per curiam) (holding that protestors who sought to "save the lives of unborn children" satisfied the FACE Act's intent requirement).

---

[2] Audio recordings and transcripts of these proceedings were introduced into evidence at trial.

Turning to Dugan's appeal, courts may impose additional conditions of supervised release beyond those required by statute if they are "reasonably related" to the goals of deterrence, protection of the public, and rehabilitation of the defendant. 18 U.S.C. § 3583(d)(1). A deprivation of liberty is "reasonably necessary only if the deprivation is narrowly tailored to serve a compelling government interest." *United States v. Reeves*, 591 F.3d 77, 83 (2d Cir. 2010) (internal quotation marks omitted). "We review *de novo* questions of law arising from the imposition of a condition of supervised release," but "subject the conditions themselves to an abuse of discretion standard, where any error of law constitutes an abuse of discretion." *Id.* at 80 (internal quotation marks omitted). Where a defendant fails to object to the imposition of a condition of supervised release at sentencing, we review for plain error, but may apply a relaxed form of plain error review where the defendant lacked prior notice that a particular condition of supervised release might be imposed. *United States v. Sofsky*, 287 F.3d 122, 125-26 (2d Cir. 2002) ("Both because the alleged error relates only to sentencing and because Sofsky lacked prior notice, we will entertain his challenge without insisting on strict compliance with the rigorous standards [of plain error review].").

We vacate the district court's imposition of a condition of supervised release that Dugan not knowingly be within 1,000 feet of a reproductive health facility to allow the district court to consider, with the benefit of argument from both Dugan and the government, whether the condition is narrowly tailored to serve a compelling government interest. Dugan had no prior notice that the condition might be imposed because it first was suggested in the government's sentencing letter, submitted to the district court a day before the hearing and not copied to Dugan, who was proceeding *pro se*. On remand, the district court must determine whether the

5

substantial limit on Dugan's freedom of movement is "reasonably related" to the government's interest in deterring future violations of the FACE Act and in protecting the patients and staff of reproductive health facilities. *See United States v. Bird*, 124 F.3d 667, 684 (5th Cir. 1997) (holding that the district court did not abuse its discretion in imposing a condition of supervised release that the defendant stay at least 1,000 feet away from abortion clinics where the defendant committed a prior violent FACE Act offense and had a history of "prior . . . criminal activity at or near both abortion clinics and at the residence of an abortion provider"); *United States v. Turner*, 44 F.3d 900, 903 (10th Cir. 1995) (approving a narrower condition that prohibited a FACE Act offender from "harras[sing], intimidat[ing], or picket[ing] in front of any gynecological or family planning service center"). The district court should consider Dugan's history of protesting at reproductive health clinics, his First Amendment interests in free speech, as well as his statements that he has a "duty" to prevent abortions. In addition, the district court must consider whether a stay-away distance of 1,000 feet (more than the length of three football fields) is narrowly tailored to the government interest where Dugan's offense arose from the non-violent obstruction of a clinic entrance, and where, particularly in urban areas, the condition could significantly impede Dugan's freedom of movement.

We have considered all of Defendants-Appellants' arguments and, for the reasons stated above, we **VACATE** and **REMAND** with respect to the challenged condition of supervised release and otherwise **AFFIRM**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6