# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74421-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PABLO SANTOS SANTIAGO, | ) | UNPUBLISHED OPINION |
| a/k/a PABLOS SANTOS SANTIAGO, | ) | |
| a/k/a PABLO SANTIAGO SANTO, | ) | FILED: November 20, 2017 |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, C.J. — Pablo Santos Santiago appeals his conviction for two counts of first degree child molestation and one count of second degree child molestation. The State's expert testified about the possible conclusions from a "normal" physical exam following an alleged sexual assault and the possible reasons for painful urination. This testimony was relevant to provide context for the victims' testimony. And the expert did not give a direct or indirect opinion as to Santos Santiago's guilt or the victims' credibility. The trial court did not abuse its discretion when it admitted the expert testimony.

We accept the State's concession that a curfew is not crime related, and this community custody condition should be stricken.

The "use" portion of the community custody condition prohibiting Santos Santiago from using or consuming alcohol is not warranted.

The clause "and or any places" should be stricken from the community custody condition prohibiting Santos Santiago from frequenting "any parks/playgrounds/schools and or any places where minors congregate."[1]

The trial court imposed community custody conditions which prohibited Santos Santiago from entering any sex-related businesses or possessing, using, accessing, or viewing any sexually explicit material or erotic material, or any material depicting any person engaged in sexually explicit conduct. Because there is no evidence Santos Santiago's criminal conduct was related to his frequenting of sex-related businesses or his possession, using, accessing, or viewing of sexually explicit materials, these conditions should be stricken.

The community custody condition requiring Santos Santiago to inform his supervising CCO and sexual deviancy treatment provider of any "dating relationship" is not unconstitutionally void for vagueness.

Therefore, we affirm the conviction and remand with instructions to strike portions of community custody conditions as directed in this opinion.

## FACTS

M.G.[2] was born in 2002. A.G. was born in 2000. In 2009, Santos Santiago married A.G. and M.G.'s mother. For the next five years, the family lived together in various locations around south King County.

---

[1] Clerk's Papers (CP) at 93.

[2] Because the victims in this case are minors, they will be referred to by their initials.

A few weeks after the marriage, when A.G. was eight or nine years old, Santos Santiago got into bed with A.G., put his hand down her pants, and touched her vagina. On a separate occasion, Santos Santiago forced bedcovers over A.G.'s face, pulled down her pants, and placed his penis against her bottom.

At various times, Santos Santiago attempted to touch A.G.'s breasts and kiss A.G. Santos Santiago also repeatedly attempted to put his hand up A.G.'s shirt and successfully touched her bare breast one time. When A.G. was thirteen, Santos Santiago forced her to touch his penis.

When M.G. was nine or ten years old, she was alone with Santos Santiago. He pushed her on the floor. He put his hand over her mouth and nose, pulled down her skirt, and put his penis against her vagina. M.G. testified that after the assault, "every time I would go to the bathroom it would hurt."[3]

The State charged Santos Santiago with one count of first degree rape of a child and one count of first degree child molestation for his acts committed against M.G. The State also charged Santos Santiago with one count of first degree child molestation and one count of second degree child molestation for his acts committed against A.G.

The State offered expert testimony from Joanne Mettler, an advanced nurse practitioner at Harborview Sexual Assault Center. Mettler did not examine A.G. or M.G. and did not review any of A.G. or M.G.'s records. No exam was ever performed on A.G. or M.G. The trial court denied Santos Santiago's motion in

---

[3] Report of Proceedings (RP) (Oct. 5, 2015) at 28.

limine to prohibit Mettler from "offer[ing] testimony in the form of speculation."[4] The court concluded that the proffered testimony was relevant and not unduly prejudicial.

At trial, Mettler testified that most exams are "normal" and do not reveal evidence of injury.[5] She also testified about the possible conclusions that can be drawn from a "normal exam."

Q:     Could a normal exam mean there was some form of sexual assault and that no injury occurred?

A:     Yes, that is accurate.

Q:     Could a normal exam mean that no sexual assault occurred?

A:     Certainly, that is possible.

Q:     And could a normal exam also mean that they were sexually assaulted, an injury occurred, it heals and you don't see any evidence of it?

A:     Yes, that is also possible, yes.[6]

Mettler explained that a urinary tract infection or some type of injury and subsequent irritation could explain painful urination following sexual assault and that when the pain goes away without treatment, she "would probably lean towards an injury."[7]

---

[4] CP at 13.

[5] RP (Sept. 28, 2015) at 181.

[6] Id. at 181-82.

[7] Id. at 189.

The jury found Santos Santiago guilty of one count of first degree attempted rape, two counts of first degree child molestation, and one count of second degree child molestation.[8]

The trial court imposed indeterminate, concurrent sentences of 120 months and lifetime community custody for the two counts of first degree child molestation. The trial court imposed a determinate, concurrent sentence of 75 months and a 36-month community custody term for the one count of second degree child molestation.

Santos Santiago appeals.

## ANALYSIS

### I. Expert Testimony

Santos Santiago contends the trial court abused its discretion by admitting Mettler's expert testimony because her testimony was speculative and irrelevant. He argues that her testimony was irrelevant because A.G. and M.G. were never examined.

We review a trial court's decision to admit expert testimony for abuse of discretion.[9] To be admissible, an expert opinion "'must be helpful to the trier of fact.'"[10] Courts interpret helpfulness broadly and favor admissibility in doubtful

---

[8] The one count of first degree attempted rape was vacated because conviction for first degree attempted rape and first degree child molestation violated double jeopardy principles.

[9] State v. Kirkman, 159 Wn.2d 918, 927, 155 P.3d 125 (2007).

[10] State v. Cheatam, 150 Wn.2d 626, 645, 81 P.3d 830 (2003) (quoting ER 702).

cases.[11] Expert testimony is helpful only if it is relevant.[12] Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[13]

In State v. Kirkman, the expert testified about his examination of the child victim of sexual assault.[14] He testified that it is the "norm" to find "no physical evidence of sexual conduct."[15] Our Supreme Court held the testimony was "particularly relevant" to help the jury address the apparent discrepancy between the child's allegations of rape and the lack of medical evidence.[16]

Here, Mettler's testimony that it is uncommon to find any evidence of injury during an examination is not speculative because it was based on her years of experience and observation. Even though there was no exam of A.G. or M.G., Mettler's testimony was relevant to provide a context for A.G. and M.G.'s testimony and the lack of medical evidence.

Alternatively, Santos Santiago contends the trial court abused its discretion by admitting Mettler's expert testimony because she implied A.G. and M.G. were credible and Santos Santiago was guilty.

---

[11] State v. Groth, 163 Wn. App. 548, 564, 261 P.3d 183 (2011) (quoting Moore v. Hagge, 158 Wn. App. 137, 155, 241 P.2d 787 (2010)).

[12] State v. Greene, 139 Wn.2d 64, 73, 984 P.2d 1024 (1999).

[13] ER 401.

[14] 159 Wn.2d 918, 931, 155 P.3d 125 (2007).

[15] Id. at 931-32.

[16] Id. at 933.

Although relevant evidence is admissible, it "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice."[17] Witnesses may not give an opinion as to the guilt of the defendant or the credibility of a witness.[18] "Such testimony has been characterized as unfairly prejudicial because it 'invad[es] the exclusive province of the finder of fact.'"[19] But testimony that does not directly comment on guilt or credibility and is otherwise helpful to the jury may be considered as proper opinion testimony.[20]

In State v. Maule, the expert testified concerning her theory that a majority of child abuse cases involve a male parent figure, with biological parents in the majority.[21] The defendant was convicted of sexually assaulting his daughter. On appeal, this court held:

> Such evidence invites a jury to conclude that because the defendant has been identified by an expert with experience in child abuse cases as a member of a group having a higher incidence of child sexual abuse, it is more likely the defendant committed the crime.[22]

In State v. Black, the expert testified concerning rape trauma syndrome, stating, "There is a specific profile for rape victims and [the victim] fits in."[23] Our Supreme Court concluded testimony concerning rape trauma syndrome "'unfairly

---

[17] ER 402; ER 403; State v. Gould, 58 Wn. App. 175, 180, 791 P.2d 569 (1990).

[18] City of Seattle v. Heatley, 70 Wn. App. 573, 577, 854 P.2d 658 (1993) (quoting State v. Black, 109 Wn.2d 336, 348, 745 P.2d 12 (1987)).

[19] Id. at 578 (alteration in original) (quoting Black, 109 Wn.2d at 348).

[20] Id.

[21] 35 Wn. App. 287, 289, 667 P.2d 96 (1983).

[22] Id. at 293.

[23] 109 Wn.2d 336, 339, 745 P.2d 12 (1987).

prejudices [the defendant] by creating an aura of special reliability and trustworthiness."[24] "It carries with it an implied opinion that the alleged victim is telling the truth and was, in fact, raped."[25]

Here, Mettler identified the possible conclusions following a normal exam, including sexual assault with no injury, sexual assault with healed injury, and no sexual assault, but she did not express an opinion concerning A.G. or M.G. And Mettler testified about the possible causes of painful urination, including a tear following sexual assault or a urinary tract infection due to poor hygiene. She also stated she "would probably lean towards an injury" rather than infection if the pain goes away without medication.[26]

Mettler's testimony does not constitute an improper opinion on guilt or credibility. She testified from her own experience conducting sexual assault examinations. The State offered her testimony in anticipation of the defense questioning the absence of injury. Her testimony was offered to assist the jury in evaluating A.G. and M.G.'s testimony. Mettler's general statement that she "would probably lean towards an injury" when painful urination resolves without medication is not an implicit opinion on the cause of M.G.'s painful urination; it is merely a medical observation based on her experience. Mettler did not express an opinion as to the guilt of Santos Santiago or the credibility of A.G. and M.G.

---

[24] Id. at 349 (alteration in original) (quoting State v. Saldana, 324 N.W.2d 227, 330 (Minn. 1982)).

[25] Id.

[26] RP (Sept. 28, 2015) at 189.

Santos Santiago also suggests that the State exacerbated the prejudice during closing argument by recounting Mettler's testimony, but the State's brief reference was accurate. And Santos Santiago offers no compelling authority to support this argument.[27]

We conclude the trial court did not abuse its discretion when it admitted Mettler's testimony because it was relevant and not unfairly prejudicial.

## II. Community Custody Conditions

We review the imposition of community custody conditions for abuse of discretion.[28] A sentencing court abuses its discretion if its decision is "manifestly unreasonable."[29] The trial court may require an offender to comply with "crime-related prohibitions."[30] The factual basis for crime-related community custody conditions is reviewed under a "substantial evidence" standard.[31] Crime-related prohibitions must be "reasonably related" to the corresponding crime.[32] Courts will uphold crime-related community custody decisions when there is some basis for

---

[27] We reject the State's alternative argument that Santos Santiago failed to preserve this issue for appeal. Santos Santiago's motion in limine to exclude Mettler's testimony as speculative, combined with his motion to exclude testimony by any witness expressing an opinion as to guilt, adequately apprised the trial judge that he objected to Mettler providing an opinion on guilt or credibility.

[28] State v. Irwin, 191 Wn. App. 644, 656, 364 P.3d 830 (2015).

[29] Id.

[30] RCW 9.94A.703(3)(f).

[31] Irwin, 191 Wn. App. at 656.

[32] RCW 9.94A.030(10) ("crime-related prohibitions" are those "directly relate[d]" to the crime); Irwin, 191 Wn. App. at 656 ("directly related" includes "reasonably related"); State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008) ("[crime-related prohibitions] are usually upheld if reasonably crime related").

the connection.[33] Reviewing courts will strike community custody conditions when there is no evidence in the record that the circumstances of the crime related to the community custody condition.[34]

Imposing an unconstitutional condition will always be "manifestly unreasonable."[35] The guarantee of due process in the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution requires that laws not be vague.[36] "The laws must (1) provide ordinary people fair warning of proscribed conduct and (2) have standards that are definite enough to 'protect against arbitrary enforcement.'"[37] "A community custody condition is unconstitutionally vague if it fails to do either."[38] "However, 'a community custody condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point at which his actions would be classified as prohibited conduct.'"[39]

*(A) Special Condition 7 – Curfew*

Santos Santiago contends special condition 7 is not crime related and therefore exceeds the trial court's authority. The State agrees.

---

[33] Irwin, 191 Wn. App. at 656-57.

[34] Id.

[35] Id. at 652.

[36] State v. Bahl, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008).

[37] Irwin, 191 Wn. App. at 652-53 (quoting id.).

[38] Id. at 653 (quoting Bahl, 164 Wn.2d at 753).

[39] Id. (quoting State v. Valencia, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010)).

Here, there is no evidence that Santos Santiago's criminal conduct occurred during the curfew hours. We accept the State's concession and conclude special condition 7 should be stricken on remand because it is not crime related.[40]

### (B) Special Condition 12 – Use of Alcohol

Santos Santiago contends special condition 12 exceeds the trial court's authority. Special condition 12 provides, "Do not use or consume alcohol."[41] Santos Santiago argues the trial court lacked the authority to prohibit his "use" of alcohol. Former RCW 9.94A.703(3)(e) (2009) authorizes the trial court to prohibit an offender "from consuming alcohol" whether or not alcohol was related to the charged offense.[42] The statute does not mention "use," and "use" is broader than "consume." The trial court also has the authority pursuant to RCW 9.94A.703(3)(f) to impose "any crime-related prohibitions." But there is no evidence that Santos Santiago's criminal conduct was related to the use of alcohol.[43]

---

[40] See State v. Johnson, 180 Wn. App. 318, 329, 327 P.3d 704 (2014) (Division Two of this court remanded and ordered the trial court to either clarify a term in the condition or strike the portion of the condition using that term).

[41] CP at 93.

[42] In 2015, the statute was amended to grant the trial court the authority to prohibit an offender from "possessing or consuming alcohol." But a trial court's authority to impose community custody conditions "must be in accordance with the law in effect when the offense was committed." State v. Coombes, 191 Wn. App. 241, 250, 361 P.3d 270 (2015) (citing RCW 9.94A.345).

[43] State v. Norris, No. 75258-8-I, slip op. at 12 (Wash. Oct. 30, 2017), http://www.courts.wa.gov/opinions/pdf/752588.pdf (this court considered an identical condition and struck the use limitation as outside the trial court's authority under former RCW 9.94A.703(3)(e) and not crime related under RCW 9.94A.703(3)(f)).

We conclude the portion of special condition 12 prohibiting "use" of alcohol (as distinguished from "consumption") should be stricken on remand because it exceeds the trial court's authority and is not crime related.

### (C) Crime-Related Prohibition 18 – Places Where Minors Congregate

Santos Santiago contends crime-related prohibition 18 is unconstitutionally vague because it insufficiently apprises Santos Santiago of prohibited conduct and allows for arbitrary enforcement. Crime-related prohibition 18 provides, "Do not enter any parks/playgrounds/schools and or any places where minors congregate."[44] The State agrees only as to the portion "and or any places where minors congregate."

In Irwin, this court considered a similar community custody condition which provided, "Do not frequent areas where minor children are known to congregate, as defined by the supervising [community corrections officer]."[45] The court concluded "without some clarifying language, or an illustrative list of prohibited locations, the condition does not give ordinary people sufficient notice to 'understand what conduct is proscribed.'"[46]

In State v. Norris, this court considered an identical condition, followed Irwin, and concluded "the imposition of a condition that deletes 'and or any places' and states, 'Do no enter parks/playgrounds/schools where minors congregate'

---

[44] CP at 93.

[45] Irwin, 191 Wn. App. at 649.

[46] Id. at 655.

gives notice to ordinary persons of what is prohibited and is not unconstitutionally vague."[47]

We conclude the portion of crime-related prohibition 18 reading, "and or any places" is not sufficiently definite to apprise Santos Santiago of the prohibited conduct and must be stricken on remand because it is unconstitutionally vague. But the condition, "Do not enter any parks/playgrounds/schools where minors congregate," lists specific prohibited locations and is not void for vagueness.

*(D) Special Conditions 10 and 11 – Sex-Related Businesses and Sexually Explicit Material*

Santos Santiago contends special conditions 10 and 11 are not crime related and therefore exceed the trial court's authority.

Special condition 10 provides, "Do not enter sex-related businesses, including X-rated movies, adult bookstores, strip clubs, and any location where the primary source of business is related to sexually explicit material."[48] Special condition 11 provides:

> Do not possess, use, access or view any sexually explicit material as defined by RCW 9.68.130 or erotic materials as defined by RCW 9.68.050 or any material depicting any person engaged in sexually explicit conduct as defined by RCW 9.68A.011(4) unless given prior approval by your sexual deviancy provider.[49]

In State v. Magana, Division Three of this court held "[b]ecause [the defendant] was convicted of a sex offense, conditions regarding access to X-rated

---

[47] No. 75258-8-I, slip op. at 6-7 (Wash. Oct. 30, 2017), http://www.courts.wa.gov/opinions/pdf/752588.pdf.

[48] CP at 92.

[49] CP at 93.

movies, adult book stores, and sexually explicit materials were all crime related and properly imposed."[50]

In Norris, the defendant pleaded guilty to three counts of second degree child molestation.[51] She challenged identical conditions as not crime related. This court concluded, "To the extent Magana stands for either a categorical approach or the broad proposition that a sex offense conviction alone justifies imposition of a crime-related prohibition, we disagree."[52] The court struck the sex-related businesses condition because it was not crime related.[53] But the court determined the condition concerning sexually explicit material was crime related because the defendant and the victim exchanged sex-related text messages and the defendant sent the victim "a photo of herself in pants and a bra."[54]

Here, there is no evidence that Santos Santiago's criminal conduct was related to his frequenting of sex-related businesses or his possessing, using, accessing, or viewing of sexually explicit materials. We conclude special conditions 10 and 11 should be stricken on remand because they are not crime related.

---

[50] 197 Wn. App. 189, 201, 389 P.3d 654 (2016).
[51] Norris, slip op. at 1.
[52] Id. at 9-10.
[53] Id. at 11.
[54] Id.

*(E) Special Condition 5 – Dating Relationship*

Santos Santiago contends special condition 5 is unconstitutionally vague because the term "dating relationship" is insufficient to apprise Santos Santiago of prohibited conduct and allows for arbitrary enforcement.

Special condition 5 requires Santos Santiago to "[i]nform the supervising CCO and sexual deviancy treatment provider of any dating relationship."[55]

Santos Santiago relies on United States v. Reeves, where the Second Circuit concluded that a condition requiring the offender to notify the probation department "when he establishes a significant romantic relationship" was insufficiently clear.[56]

In Norris, this court recently examined the constitutionality of the same condition and the applicability of Reeves. This court concluded "the term 'dating relationship' is easily distinguishable from the condition in Reeves" because it "does not contain highly subjective qualifiers like 'significant' and 'romantic.'"[57] The court held "the condition is neither unconstitutionally vague nor subject to arbitrary enforcement."[58]

We conclude the trial court did not abuse its discretion when it imposed special condition 5 because the meaning of "dating relationship" is ascertainable to

---

[55] CP at 92.

[56] 591 F.3d 77, 79 (2nd Cir. 2010).

[57] Norris, slip op. at 6.

[58] Id.

an ordinary person and is sufficiently definite to provide against arbitrary enforcement.

Therefore, we affirm and remand with instructions to strike special condition 7 imposing a curfew, strike the limitation on use of alcohol from special condition 12, strike the portion of additional crime-related prohibition 18 that reads "and or any places," and strike special conditions 10 and 11.

WE CONCUR: