17-420-cr
*United States v. Ettinger*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand eighteen.

Present:
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                      17-420-cr

SCOTT ETTINGER,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| For Defendant-Appellant: | MATTHEW B. LARSEN, Federal Defenders of New York, New York, NY. |
| For Appellee: | JASON SWERGOLD (Daniel B. Tehrani, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Scott Ettinger appeals from a judgment of conviction entered on February 10, 2017, pursuant to a guilty plea to an indictment charging Ettinger with the receipt and sale of stolen goods in violation of 18 U.S.C. §§ 2315, 2. On February 3, 2017, the district court sentenced Ettinger principally to six months' imprisonment and to two years of supervised release. As relevant here, the district court ordered as one of the special conditions of Ettinger's supervised release (the "Search Condition"), that Ettinger "submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has a reasonable belief that contraband or evidence of a violation of the conditions of release may be found."[1] J.A. 54. Ettinger appeals his sentence, arguing, in particular, that the district court's imposition of the Search Condition was unlawful. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

---

[1] The full text of the Search Condition is as follows:

> Mr. Ettinger will submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has a reasonable belief that contraband or evidence of a violation of the conditions of release may be found. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to search may be grounds for revocation of supervised release. Mr. Ettinger will inform any other residents that the premises may be subject to search pursuant to this condition.

J.A. 54.

District courts "retain[] wide latitude in imposing conditions of supervised release." *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010) (internal quotation marks omitted). Thus, we review a district court's imposition of a supervised release condition for abuse of discretion. *United States v. Brown*, 402 F.3d 133, 136 (2d Cir. 2005). A condition of supervised release may be imposed if it is "reasonably related to: (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the protection of the public; and (D) the rehabilitative and medical care needs of the defendant." *Id.* at 136–37 (quoting U.S.S.G. § 5D1.3(b)(1) (internal quotation marks omitted)); *see also* 18 U.S.C. § 3583(d)(1). "Despite the use of the conjunctive in the Guidelines, 'a condition may be imposed if it is reasonably related to any one or more of the specified factors.'" *Id.* at 137 (citation omitted). In addition, the special condition must "involve 'no greater deprivation of liberty than is reasonably necessary for the purposes' of sentencing, and it must be 'consistent with any pertinent policy statements' in the Guidelines." *Id.* (quoting 18 U.S.C. §§ 3583(d)(2), (3); U.S.S.G. § 5D1.3(b)(2)).

Ettinger first argues that the Search Condition is not "reasonably related" to any of the factors cited in 18 U.S.C. § 3583(d)(1) because he is a first-time offender and Ettinger's crime occurred at the pawn shop where he worked rather than at home. We disagree. Ettinger had known Jerome Shaw, the man from whom he purchased the stolen coins at issue in this case, for about ten years, and he was aware that Shaw was a burglar. Ettinger paid Shaw $7,000 to receive the stolen coins in the pawn shop, then resold the coins for approximately $40,000. At close to the same time that he purchased the stolen coins, Ettinger also traveled to a

3

co-conspirator's home to examine jewelry in the co-conspirator's basement. Ettinger also purchased diamonds worth approximately $100,000 from Shaw. After law enforcement first interviewed Ettinger about the stolen coins, Ettinger attempted to conceal his wrongdoing by creating a false receipt for the coins.

Based on these facts, we conclude that the Search Condition is "reasonably related" to "the nature and circumstances of the offense and the history and characteristics of the defendant." *See Brown*, 402 F.3d at 136; 18 U.S.C. § 3583(d)(1) (citing 18 U.S.C. § 3553(a)(1)). Ettinger negotiated for the purchase of personal property valued at almost $150,000, using both the pawn shop and at least one other location to conduct his activities. He then acted to conceal this activity when confronted by law enforcement, using relatively sophisticated deceptive means. In such circumstances, the Search Condition "afford[s] adequate deterrence to criminal conduct" because Ettinger may be more hesitant to handle stolen goods when he knows that any premises under his control are subject to a search if his "probation officer has a reasonable belief that contraband or evidence of a violation of the conditions of release may be found." J.A. 54; *see also id.* at 56 ("[T]he search condition could be helpful in terms of just ensuring that the defendant is not engaging in any of this conduct ever again . . . [now that] he's not working in a pawn shop, where he had his fencing operation."). We conclude that this Search Condition is reasonable in light of this need for deterrence and the circumstances surrounding Ettinger's offense.

Ettinger argues that home visits are a sufficient deterrent for recidivism, and the Search Condition results in a "greater deprivation of liberty than is reasonably necessary [to meet] the purposes of sentencing." *See Brown*, 402 F.3d at 137 (internal quotation marks omitted); 18

4

U.S.C. § 3583(d)(2).   But home visits would not cover searches of Ettinger's person when he is in his car or visiting other locations.   As discussed above, Ettinger negotiated for and received stolen goods outside his home, so the Search Condition helps promote the purpose of deterring Ettinger from receiving stolen goods when he is not at home.   Furthermore, the Search Condition is itself administered pursuant to a reasonableness standard: First, a search can only be triggered if the probation officer has a "*reasonable* belief that contraband or evidence of a violation of the conditions of release may be found."   J.A. 54 (emphasis added).   Second, "[a]ny search must be conducted at a *reasonable* time and in a *reasonable* manner."   *Id.* (emphasis added).

Based on the record before us, the district court acted within its broad discretion in imposing the Search Condition.   We have considered all of Ettinger's arguments on this appeal and have found in them no basis for reversal.   The judgment as announced orally by the district court is **AFFIRMED**.   The matter is **REMANDED** for the limited purpose of permitting the district court to enter an amended judgment to state that the mandatory drug testing condition of Ettinger's supervised release is suspended.[2]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[2] Both parties agree that Ettinger's written judgment of conviction should be amended to reflect the district court's oral pronouncement, which suspended the mandatory drug testing condition of Ettinger's supervised release.   *See United States v. Carr*, 557 F.3d 93, 109 (2d Cir. 2009) ("[W]here there is a direct conflict between an unambiguous oral pronouncement of sentence and the written judgment . . . the oral pronouncement, as correctly reported, must control." (internal citation omitted)).