17-3454-cr
*United States v. Torres*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of September, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
PIERRE N. LEVAL,
PETER W. HALL,
*Circuit Judges.*

_____

United States of America,

      *Appellee*,

      v.                          No. 17-3454-cr

Nathan Torres,

      *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellant: | YUANCHUNG LEE, Federal Defenders of New York, Inc., New York, New York |
| For Appellee: | GILLIAN GROSSMAN, Assistant United States Attorney (Karl Metzner, Assistant United States Attorney, *on the brief*) *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York |

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Nathan Torres pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 30 months imprisonment, followed by three years of supervised release. Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the district court calculated Torres's offense under the Sentencing Guidelines at Level 20 based on his prior felony conviction for a "crime of violence." Torres argues that his prior conviction for second-degree assault under N.Y. Penal Law § 120.05(10) is not a "crime of violence" because one can violate the New York statute without the "use of force"—for instance, via a failure to act in the face of a legal duty to do so. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We typically "review *de novo* the district court's interpretation of the Guidelines regarding whether a particular crime is a 'crime of violence.'" *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009) (*per curiam*). We have carefully reviewed the transcript of Torres's sentencing hearing, however, and we conclude that even if the district court erred in calculating Torres's Guidelines range—an issue we do not reach—such error would be harmless. *See, e.g.*, *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009). While Torres points to portions of the hearing where the district court addressed, with slight hesitation, the impact of the Guidelines range on the chosen sentence, elsewhere and near the close of the sentencing hearing the district court stated:

> This sentence I am about to impose is the same regardless of what the guidelines calculation is. I think [defense counsel] has done a good job articulating a legal theory as to why the

2

lower guideline might apply. Even if she is right, it's not going to alter my determination as to what is the appropriate sentence here. So I think . . . a strong argument could be made for a three-year sentence. That's kind of where I would be with a gun like this with the priors that are in place here.

App. 146.    It is apparent that "the record is unambiguous that the district court would issue 'the same sentence' even absent . . . the challenged enhancement[]." *United States v. Feldman*, 647 F.3d 450, 459 (2d Cir. 2011).   It is also clear from the sentencing transcript that the district court had formed a view of the appropriate sentence independent of the applicable sentencing range. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346-47 (2016).   We thus hold that any putative error could not have affected Torres's substantial rights.

Torres also argues that the district court erred in imposing a special condition of supervised release barring Torres from applying for any loans or opening any lines of credit without prior approval from the probation office.   "We review the propriety of a supervised release condition for abuse of discretion." *United States v. Brown*, 402 F.3d 133, 136 (2d Cir. 2005).   "When the defendant does not object to the conditions, however, we review only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (*per curiam*).   We have applied a less stringent form of plain error review in the sentencing context "when the defendant does not receive prior notice of the condition." *Id.*; *see also United States v. Matta*, 777 F.3d 116, 121-22 (2d Cir. 2015).

Torres did not object to the special condition at issue at the time he was sentenced.   He asks this Court to apply "relaxed" plain error review due to the fact that the district court acted *sua sponte* and without affording him prior notice.   Even under a more lenient standard, however, we conclude that the challenged condition is "reasonably related" to consideration of the appropriate statutory factors—namely, Torres's history and characteristics and provision for Torres's effective rehabilitation.   *See United States v. Reeves*, 591 F.3d 77, 80-82 (2d Cir. 2010); 18 U.S.C. §

3

3583(d). The district court stated that it imposed the condition "to make sure that you don't get in over your head financially," and given Torres's outstanding debt and limited income, the court did not err in imposing some limits on Torres's ability to incur additional financial obligations. App. 149. Nor does the condition impose a "greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(2). The challenged condition is not so restrictive as the one we vacated in *Brown*, 402 F.3d at 138, where the defendant was prohibited from incurring *any* form of debt without approval from the probation office and where the special condition was "seemingly unrelated to Brown's offense and circumstances."

We have considered Torres's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court