17-231-cr
United States v. Betts

# In the

# United States Court of Appeals

## for the Second Circuit

AUGUST TERM 2017

No. 17-231-cr

UNITED STATES OF AMERICA,
*Appellee*,

v.

JEFFREY D. BETTS,
*Defendant-Appellant*.

On Appeal from the United States District Court
for the Western District of New York

ARGUED: JANUARY 23, 2018
DECIDED: MARCH 28, 2018

Before: LEVAL, CALABRESI, CABRANES, *Circuit Judges*.

Defendant Jeffrey Betts appeals from a December 7, 2016 judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*) in which he was sentenced principally to a term of ten months' imprisonment and four years of supervised release, with special conditions of supervised release. The District Court ordered that the defendant refrain from consuming any alcohol whatsoever while under supervision. It also required substance abuse testing, stating that "[t]here will be zero tolerance of the use of *any drugs* at all." J.A. at 154 (emphasis added).

Betts now argues that this newly imposed sentence of four years of supervised release is substantively unreasonable. He also argues that the District Court erred in imposing the special conditions relating to alcohol and drugs.

We reject defendant's argument that the imposition of an additional four years of supervised release was substantively unreasonable. We also reject defendant's argument that the District Court erred in imposing a special condition requiring defendant to submit to periodic drug testing. We agree with defendant that the District Court's imposition of a total ban on the consumption of alcohol was not reasonably related to the nature and circumstances of the defendant's offense.

Accordingly, we **AFFIRM** in part and **VACATE** in part the judgment of the District Court.

_____

ELIZABETH R. MOELLERING, Assistant United States Attorney, *for* James P. Kennedy, Jr., Interim United States Attorney for the Western District of New York, Buffalo, NY, *Appellee*.

JAYME L. FELDMAN, Federal Public Defender for the Western District of New York, Buffalo, NY, *for Appellant-Defendant*.

_____

JOSÉ A. CABRANES, *Circuit Judge*:

Defendant Jeffrey Betts ("defendant" or "Betts") appeals from a December 7, 2016 judgment of the United States District Court for the Western District of New York in which he was sentenced principally to a term of ten months' imprisonment and four years of supervised release. This sentence resulted from Betts's multiple violations while on supervised release for a previous conviction for conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. He was originally sentenced to

principally 24 months in prison, followed by five years' supervised release. His initial term of supervised release began on August 2, 2013, upon his release from prison.

The violations for which Betts was most recently sentenced included two arrests for driving without a license and failure to make required restitution payments in the amount of ten percent of his gross monthly income. On November 28, 2016, after being remanded to the custody of the United States Marshals Service, he appeared before the District Court and admitted to violation number 3 (failure to notify his probation officer within 72 hours of being arrested), based on his July 29, 2016 arrest for driving without a license. Betts pleaded guilty to this violation pursuant to a plea agreement, which anticipated an advisory United States Sentencing Guidelines ("Guidelines") range of imprisonment of 4 to 10 months. The Agreement also projected that, under the Guidelines, Betts would be subject to a maximum term of supervised release of five years.

In addition to sentencing Betts to ten months' imprisonment and four years of supervised release, the District Court imposed special conditions of supervised release. It ordered that the defendant refrain from consuming any alcohol whatsoever while under supervision. It also required substance abuse testing, stating that "[t]here will be zero tolerance of the use of *any drugs* at all." J.A. at 154 (emphasis added).

4

Betts now asserts that this newly imposed sentence of four years of supervised release is substantively unreasonable. He also claims that the District Court erred in imposing the special conditions relating to alcohol and drugs.

We reject defendant's argument that the District Court's imposition of an additional four years of supervised release was substantively unreasonable. We also reject defendant's argument that the District Court erred in imposing a special condition requiring defendant to submit to periodic drug testing. We agree with defendant that the District Court's imposition of a total ban on the consumption of alcohol was not reasonably related to the nature and circumstances of the defendant's offense.

Accordingly, we **AFFIRM** in part and **VACATE** in part the judgment of the District Court.

## DISCUSSION

### I. Substantive Reasonableness

We review a sentence for substantive reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) ("[O]ur standard is 'reasonableness,' 'a particularly deferential form of abuse-of-discretion review.'"). A sentence is substantively unreasonable "only if it cannot be

5

located within the range of permissible decisions." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks and citation omitted). As we have observed before, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) (abrogated on other grounds by *Rita v. United States*, 551 U.S. 338, 364 (2007)).

Betts argues that his sentence of four years of supervised release was substantively unreasonable for three reasons. He first contends that his violation was not sufficiently egregious to warrant an additional four-year term of supervised release. This argument lacks merit. The District Court carefully reviewed the factual basis for defendant's violation, as well as his personal history and characteristics, before concluding that a four-year term of supervised release was warranted. The District Court considered, among other factors, defendant's repeated failure to make restitution payments despite his earning an income that would support the payments, and the fact that defendant absconded from supervision for two months after his most recent arrest. The District Court repeatedly noted a concern that this behavior indicated a disregard of the consequences of violating the law.

Defendant next argues that the District Court abused its discretion in sentencing him to a term at the upper end of the applicable Guidelines range. We also find this argument unpersuasive. As previously noted, a sentence within the Guidelines is presumptively reasonable. Both the imposed term of imprisonment and the term of supervised release were within the recommended Guidelines range, and a sentence on the upper end of the Guidelines falls comfortably within the broad range of sentences that would be reasonable in these particular circumstances given defendant's behavior while on supervised release.

Last, we reject defendant's contention that the District Court erred in discrediting some of defense counsel's mitigation arguments. The District Court was not persuaded by some of defense counsel's claims that defendant was taking serious steps to behave better because the Court found these statements to be contradicted by defendant's actions. The District Court's decision to weigh the evidence as it did was not an abuse of discretion.

In sum, upon a review of the record, we conclude that all of defendant's challenges to the substantive reasonableness of a four-year term of supervised release are without merit.

## II. Procedural Reasonableness

We now turn to defendant's claim that the District Court's imposition of additional special conditions of supervised release constituted procedural error.

District courts possess broad discretion in imposing conditions of supervised release. A sentencing court may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; "the need to protect the public from further crimes of the defendant"; and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). Nevertheless, a district court's discretion to impose special conditions is not "untrammeled," and we will "carefully scrutinize unusual and severe conditions." *Myers*, 426 F.3d at 124 (internal quotation marks omitted).

A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the

reason for imposing it; the failure to do so is error. *See United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004). In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is "self-evident in the record." *Id.* But it is also clear that the conditions must be "reasonably related" to the sentencing objectives. *See* 18 U.S.C. § 3583(d); *see also United States v. Reeves*, 591 F.3d 77 (2d Cir. 2010) (vacating an imposed special condition that required a defendant convicted of possession of child pornography to notify the Probation Department when he established a "significant romantic relationship" and to inform his partner of his criminal history because it was not reasonably related to sentencing objectives).

We first address the District Court's total prohibition of alcohol use and then its requirement that defendant submit to substance abuse testing with "zero tolerance" for the use of any drugs.

### a. Alcohol use

Defendant principally argues that a special condition prohibiting all alcohol use is not reasonably related to either his underlying crime or his admitted violation, and that the ban involves a greater deprivation of liberty than reasonably necessary to achieve sentencing goals.

After examining the record, we agree. Neither defendant's underlying crime nor any of the conduct contributing to his violations of supervised release involved the use of alcohol. The District Court was not presented with any evidence suggesting that defendant ever seriously abused alcohol. It also provided no reason for imposing this special condition, beyond a clearly stated displeasure with defendant's performance while on supervised release. Given the factual record below, the standard condition limiting "excessive use" of alcohol, which was also included in defendant's judgment, is sufficient to further the objectives of sentencing. We conclude that the special condition banning all alcohol use is not reasonably related to any of the factors outlined in Section 5D1.3(b), and necessitates vacatur.

### b. Drug testing

Defendant next urges us to vacate the District Court's special condition requiring substance abuse testing with "zero tolerance of the use of any drugs at all." He claims the condition constituted a complete ban on *all* drugs, including those prescribed by a physician, and was thus error. Though inartfully worded, this special condition does not prevent defendant from using lawful drugs. The judgment entered by the District Court also included the standard condition that he "shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as

10

prescribed by a physician." J.A. at 160. When read in conjunction with this standard condition of supervision, it is clear that the imposed "zero tolerance" policy is meant to apply only to the use of controlled substances not prescribed by a physician. So read, the condition is entirely appropriate.

## CONCLUSION

To summarize: we **AFFIRM** the District Court's imposition of a four-year term of supervised release, as well as the District Court's imposition of a special condition requiring periodic testing for use of controlled substances without a prescription. We **VACATE** the special condition prohibiting all use of alcohol and **REMAND** the cause to the District Court for further consideration of whether it is necessary to impose any special conditions related to alcohol use and, if so, for the District Court to explain the basis for imposing them in light of the factors listed in Guidelines Section 5D1.3(b).