*United States v. Buissereth*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-one.

Present:
> ROBERT A. KATZMANN,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                  19-3917

PIERRE BUISSERETH, AKA PETE,

> *Defendant-Appellant*.

_____

For Appellee:                          CHARLES N. ROSE and SAMUEL P. NITZE, Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:               EDWARD S. ZAS, Assistant Federal Public Defender, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** in part and the case is **REMANDED**.

Defendant-appellant Pierre Buissereth appeals from a judgment entered on November 19, 2019 in the United States District Court for the Eastern District of New York (Feuerstein, *J.*), finding him in violation of the conditions of supervised release imposed as part of a prior sentence, and sentencing him to a new term of imprisonment and a new period of supervised release to follow. Specifically, Buissereth challenges the district court's imposition of a risk notification condition of supervised release ("Standard Condition 12"), which provides:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

App'x at 49; *see also* U.S.S.G. § 5D1.3(c)(12). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo questions of law arising from the imposition of a condition of supervised release." *United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010).[1] Although Bussiereth did not raise his challenge below, we decline to apply plain error review because Bussiereth did not have an opportunity to object before the district court. *See* Fed. R. Crim. P. 51(b).

The defendant argues that the district court's imposition of Standard Condition 12 is unlawful based on *United States v. Boles*, 914 F.3d 95 (2d Cir.), *cert. denied*, 139 S. Ct. 2659

---

[1] All emphases, internal quotation marks, citations, alterations, and footnotes are omitted unless otherwise indicated.

(2019), in which we held that an identically-worded condition of supervised release was "vague and afford[ed] too much discretion to the probation officer." *Id.* at 111–12 (citing *United States v. Peterson*, 248 F.3d 79 (2d Cir. 2001) (per curiam)). The government agrees and "consents to vacatur of th[e] condition and a limited remand to permit the district court to determine (1) whether to impose a notification condition and, if so, (2) to clarify its scope consistent with the relevant holdings of this Court." Appellee Br. at 2. Accordingly, we vacate Standard Condition 12, and we remand for the district court to consider whether to impose a risk notification condition and, if it imposes such a condition, to clarify its scope such that it is consistent with *Boles* and *Peterson*.

For the foregoing reasons, the judgment of the district court is **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3